J. S17031/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  J.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF:  J.S. | : | No. 2376 EDA 2018 |

Appeal from the Order Entered July 11, 2018,
in the Court of Common Pleas of Lehigh County
Civil Division at No. CV-2013-MH-0293

BEFORE:  BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 15, 2019**

J.S. appeals from the July 11, 2018 order entered by the Court of Common Pleas of Lehigh County involuntarily committing appellant for one year to the Sexual Responsibility and Treatment Program ("SRTP") at Torrance State Hospital.  After careful review, we affirm.

The trial court provided the following synopsis of the relevant procedural and factual history:

> Appellant is a 25-year-old male who was adjudicated delinquent on charges of indecent assault[1] in 2009 and involuntary deviate sexual intercourse[2] in 2010. On July 29, 2013, [a]ppellant was initially committed to the Sexual Responsibility & Treatment Program (SRTP) at Torrance State Hospital after licensed psychologist, Veronique N. Valliere, [Psy.D.], expert examiner for the Sexual Offenders Assessment Board (SOAB), offered her professional opinion that [a]ppellant met the criteria for civil commitment of

---

[1] 18 Pa.C.S.A. § 3126(a).

[2] 18 Pa.C.S.A. § 3123(a).

sexually violent delinquent children. On September 9, 2013, [a]ppellant filed his first appeal contesting his Act 21 commitment. On October 15, 2014, the Superior Court affirmed [a]ppellant's civil commitment pursuant to Act 21. Appellant has undergone several evaluations and annual review hearings since the time of his initial commitment and he has been recommitted each year.

On December 4, 2017, [a]ppellant pled guilty to aggravated assault[3] (two counts) and simple assault[4] (two counts) for attacking his treatment staff at SRTP on multiple occasions. Appellant received an aggregate sentence of three (3) to eight (8) years['] confinement and is currently incarcerated at SCI-Albion.

On July 11, 2018, an annual review of [a]ppellant's involuntary commitment was held in accordance with Act 21.[Footnote 7] Before the hearing, the [trial court] reviewed a ten-month comprehensive report provided by Dr. Stacie J. Barnes, [Psy.D.], the Clinical Director of the SRTP program, at Torrance State Hospital. The [trial court] also reviewed an Annual Act 21 Commitment Assessment Report from Dr. Veronique N. Valliere, Psy.D. of the [SOAB].

[Footnote 7] 42 Pa.C.S.[A. §] 6404(b)(2).

The [trial court] determined by clear and convincing evidence that [a]ppellant continues to have serious difficulty controlling sexually violent behavior due to a mental abnormality or personality disorder that makes him likely to engage in an act of sexual violence. The [trial court] ordered that, upon completion of his term of imprisonment and subsequent parole, he be recommitted in accordance with Act 21. In the event that he remains incarcerated beyond the one-year review period, a review period shall be held in accordance with the law.

---

[3] 18 Pa.C.S.A. § 2702(a).

[4] 18 Pa.C.S.A. § 2701(a).

Trial court opinion, 1/18/19 at 3-4 (citations to exhibits omitted).

Appellant filed a notice of appeal to this court on August 8, 2018. On August 13, 2018, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on August 28, 2018. On January 18, 2019, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review:

> Whether the [trial] court's SVDC determination, which resulted in [a]ppellant's continued commitment for involuntary inpatient treatment, was based on insufficient evidence where the Commonwealth failed to establish clear and convincing evidence [a]ppellant was likely to engage in predatory sexually violent offenses?

Appellant's brief at 7.

Having determined, after careful review, that the Honorable Kelly L. Banach, in her Rule 1925(a) opinion, ably and comprehensively disposes of appellant's issues on appeal, with appropriate reference to the record and without legal error, we will affirm on the basis of that opinion (Finding: "[a]ppellant continues to have serious difficulty controlling sexually violent behavior while committed for inpatient treatment due to a mental abnormality or personality disorder that makes the person likely to engage in an act of sexual violence").

Order affirmed.

J. S17031/19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/19

- 4 -

**IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

IN RE:

                                  |No.   2013-MH-293
               **Appellant**        |       2376 EDA 2018

**OPINION**

**KELLY L. BANACH, J.:**

On May 6, 2010, the Appellant was adjudicated delinquent[2] after his admission to felony involuntary deviate sexual intercourse. When Appellant turned 20 years old, he was involuntarily committed pursuant to Act 21.[3] Following a series of annual review hearings, the Appellant has remained civilly committed at Torrance State Hospital for Sexually Violent Delinquent Children.

On July 11, 2018, an annual review hearing was held and the Court determined that the Appellant met all criteria necessary for recommitment under Act 21[4] and committed the Appellant, upon completion of his term of imprisonment[5] and subsequent parole, to Torrance State Hospital. This Court further ordered that in the event he remain incarcerated beyond the one-year review period, a review shall be held in accordance with the law and any subsequent recommitment to Torrance State Hospital would arise as a result of a subsequent order.

---

[2] The Appellant was adjudicated delinquent when he was 17 years old and is currently 25 years old.
[3] 42 Pa.C.S.A. § 6403(d).
[4] 42 Pa.C.S.A. § 6404(b).
[5] Appellant testified that he is currently incarcerated at SCI Albion and is not eligible for parole until on or about December 29, 2019.

2

On August 8, 2018, the Appellant, through his counsel, filed an Appeal of the recommitment order.[6] On August 13, 2018, the Appellant was ordered to file a Statement of Errors Complained of on Appeal. On August 28, 2018, the Appellant filed the Statement. This Opinion follows.

<u>PROCEDURAL HISTORY AND SUMMARY OF THE FACTS</u>

Appellant is a 25-year-old male who was adjudicated delinquent on charges of indecent assault in 2009 and involuntary deviate sexual intercourse in 2010. On July 29, 2013, Appellant was initially committed to the Sexual Responsibility & Treatment Program (SRTP) at Torrance State Hospital after licensed psychologist, Veronique N. Valliere, PsyD, expert examiner for the Sexual Offenders Assessment Board (SOAB), offered her professional opinion that Appellant met the criteria for civil commitment of sexually violent delinquent children. On September 9, 2013, the Appellant filed his first appeal contesting his Act 21 commitment. On October 15, 2014, the Superior Court affirmed Appellant's civil commitment pursuant to Act 21. Appellant has undergone several evaluations and annual review hearings since the time of his initial commitment and he has been recommitted each year.

On December 4, 2017, Appellant pled guilty to aggravated assault (two counts) and simple assault (two counts) for attacking his treatment staff at SRTP on multiple occasions. See CP-65-CR-4173,4177-2016. Appellant received an aggregate sentence of three (3) to eight (8) years confinement and is currently incarcerated at SCI-Albion.

---

[6] The July 11, 2018, Order is attached as Exhibit A for the Superior Court's convenience.

3

On July 11, 2018, an annual review of Appellant's involuntary commitment was held in accordance with Act 21.[7] Before the hearing, the Court reviewed a ten-month comprehensive report provided by Dr. Stacie J. Barnes, PsyD, the Clinical Director of the SRTP program, at Torrance State Hospital. See Exhibit B. The Court also reviewed an Annual Act 21 Commitment Assessment Report from Dr. Veronique N. Valliere, Psy.D. of the Sexual Offender Assessment Board. See Exhibit C.

The Court determined by clear and convincing evidence that the Appellant continues to have serious difficulty controlling sexually violent behavior due to a mental abnormality or personality disorder that makes him likely to engage in an act of sexual violence. The Court ordered that, upon completion of his term of imprisonment and subsequent parole, he be recommitted in accordance with Act 21. In the event that he remains incarcerated beyond the one-year review period, a review period shall be held in accordance with the law.

DISCUSSION AND CONCLUSIONS OF LAW

The Appellant, in his Statement of Errors, argues the Commonwealth's evidence at the annual review hearing, held on July 11, 2018, was insufficient as a matter of law. Specifically, Appellant contends the Commonwealth's evidence failed to establish that Appellant demonstrates serious difficulty controlling his sexually violent behavior. We begin by discussing Act 21 generally.

> Act 21 amended the Juvenile Act to provide for the
> assessment and civil commitment of certain sexually
> violent juveniles. The Act requires that the State
> Sexual Offenders Assessment Board ("the Board")

---

[7] 42 Pa.C.S. 6404(b)(2).

4

evaluate specified juveniles before they leave the jurisdiction of the juvenile system. 42 Pa.C.S. §§ 6302, 6358(a). The juveniles to be evaluated are those, (1) who have been found delinquent for an act of sexual violence; (2) who have been committed to an institution or facility pursuant to the Juvenile Act; and, (3) who remained in that facility on their 20th birthdays. 42 Pa.C.S. § 6358(a).

\*\*\*

Upon receipt of the necessary information, the Board is charged with determining whether the juvenile is in need of commitment for involuntary treatment due to a mental abnormality or a personality disorder which results in the juvenile having serious difficulty in controlling sexually violent behavior. 42 Pa.C.S. § 6358(c).

\*\*\*

If the Board has decided the juvenile is in need of involuntary treatment, the Court must hold a dispositional review hearing to determine whether there is a prima facie case that the juvenile is in need of involuntary treatment. 42 Pa.C.S. § 6358(e), (f).

\*\*\*

The criteria for commitment are that the juvenile has been adjudicated delinquent for an act of sexual violence, he was committed to an institution or facility for delinquent children, he was in such institution on his 20th birthday and, he "is in need of involuntary treatment due to a mental abnormality or personality disorder that results in serious difficulty in controlling sexually violent behavior that makes the person likely to engage in an act of sexual violence." 42 Pa.C.S. § 6403(a).

\*\*\*

If the Court determines that the juvenile meets the criteria for commitment by clear and convincing evidence, it issues an order committing the juvenile for involuntary treatment at an inpatient facility designated for the purpose by the Department of Public Welfare. 42 Pa.C.S. §§ 6402, 6403(d).

See *In re K.A.P.*, 916 A.2d 1152, 1156 n.3 (Pa.Super.2007).

5

It is clear from the language of Act 21 and the prior holdings of the Pennsylvania Appellate Courts that it is the Commonwealth that bears the burden of showing by clear and convincing evidence that the person has a mental abnormality or personality disorder which results in serious difficulty in controlling sexually violent behavior that makes the person likely to engage in an act of sexual violence. If the Commonwealth meets this burden, the court is to enter an order committing the person to inpatient treatment for a period of one year.'" See *In Re: In re S.T.S., Jr.*, 76 A.3d 24, 38 (Pa.Super. 2013)(citing *In the Interest of A.C.*, 991 A.2d 884, 889 (Pa.Super.2010) (citations, quotation marks, and emphasis omitted).

"Clear and convincing evidence" is defined as testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue." *In re R.I.S.*, 36 A.3d 567, 572 (Pa. 2011). Thus, the clear and convincing evidence test "has been described as an intermediate test, which is more exacting than a preponderance of the evidence test, but less exacting than proof beyond a reasonable doubt." *Com. v. Meals*, 912 A.2d 213, 219 (Pa. 2006). Appellate courts will review the evidence before the trial court by examining said evidence in a light most favorable to the Commonwealth. See *In Re. S.T.S.*, supra, at 41 (determining that the "the trial court was in the best position to observe and rule on the credibility of the expert witnesses).

After carefully reviewing the expert reports issued by Dr. Barnes and Dr. Valliere, and considering arguments of counsel, the Court determined that the Appellant met the criteria outlined in 42 Pa.C.S. § 6404(b)(2), which called for continued involuntary commitment. Appellant continues to suffer from an

6

antisocial personality disorder, other specified paraphilic disorder (with traits of exhibitionism and arousal to force and non-consent), other specified mood disorder, and a conduct disorder.[8] The issue is whether Appellant continues to have serious difficulty controlling sexually violent behavior, due to said disorders, that makes him likely to engage in an act of sexual violence.

At the time of Appellant's most recent evaluations, he was incarcerated for his assaults on his treatment staff. On June 16, 2016, Appellant became out of control and punched a treating physician several times in the face, then punched an intervening staff member in the head, which caused a severe concussion and brain bleed in the staff member.[9] On July 20, 2016, Appellant had to be restrained after sticking his fingers in a staff member's eye, then took the staff member to the ground, causing a concussion and "possible spinal injuries" to the staff member.[10]

Dr. Barnes noted that although Appellant reported he was "doing very well" in prison he continues to struggle. Based on the pervasiveness of his issues his diagnoses likely did not change during the review period simply because he was incarcerated. Moreover, it is concerning that the Appellant has not received any sex offender treatment while incarcerated. Appellant has a history of failing to comply with social norms, deceitfulness, impulsivity, irritability and aggressiveness, reckless disregard for his and others safety, and limited remorse for his actions.[11] Appellant claims to have completely changed since his treatment at SRTP but is unable to "understand it." Dr. Barnes concluded that Appellant needs to become involved in treatment in order to

---

[8] Exhibit B p. 5 Headnote "Diagnoses"
[9] See Exhibit C p. 2 ¶5
[10] Id.
[11] Exhibit B p. 5. ¶3.

address his mental abnormality and personality disorders.[12] The SRTP has also identified that once Appellant is situated through the Department of Corrections they will attempt to work with the SOAB to make arrangements for him to participate in sex offense specific treatment.[13]

Dr. Valliere concurs and reports that although Appellant is not displaying the symptoms of his personability disorder or paraphilic disorder at this time, his control is externally managed by his incarceration and his fear of other inmates.[14] There is nothing to suggest that his current manageability is a result of skills, improved motivation, or true change, given his environment. Appellant requires a longer period of behavioral and sexual stability, given his long history of aggression and deviance, to conclude that he no longer meets the criteria for commitment.[15]

Therefore, based on the foregoing, the Court had little difficulty coming to a clear conviction, without hesitation, that the Appellant continues to have serious difficulty controlling sexually violent behavior while committed for inpatient treatment due to a mental abnormality or personality disorder that makes the person likely to engage in an act of sexual violence.

---

[12] Exhibit B p. 6 ¶4.
[13] Exhibit B p. 5 ¶2.
[14] Exhibit C p. 3 ¶6.
[15] Exhibit C p. 3 ¶6.

## CONCLUSION

After review of the evidence presented at the Act 21 Hearing, arguments of counsel, and review of the applicable statute, the Court did not err in determining that the Appellant met the qualifications for recommitment under Act 21 and urges the Court to dismiss the instant Appeal.

By the Court:

_____

Kelly L. Banach                    J.